UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61681-CIV-MARRA/MATTHEWMAN

GARY PALKOVICH,

      Plaintiff,

vs.

SCOTT ISRAEL, SHERIFF OF BROWARD
COUNTY

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT WITHOUT PREJUDICE TO RENEW THE MOTION AFTER FURTHER
DISCOVERY; SETTING A NEW TRIAL DATE AND PRETRIAL ORDER; AND
REFERRING THIS CASE TO MAGISTRATE JUDGE DAVE LEE BRANNON FOR
MEDIATION**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment

[DE 48]. On October 30, 2013, the Court entered a Notice of Summary Judgment [DE 61] in

accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988). This Notice advised that

if Plaintiff failed to submit the necessary papers, pursuant to Local Rule 56.1(b), the Court would

accept as true all material facts set forth in the motion provided that the Court finds that the movant's

statement is supported by evidence in the record. The motion has been fully briefed by the parties

and is ripe for consideration.[1]

_____

[1]Plaintiff, who is *pro se*, submitted some papers that would not normally be permitted to
respond to a motion. For example, Plaintiff filed a "Reply in Support of his Opposition of
Defendant's Second Memorandum in Support of their Motion for Summary Judgment." [DE 70].
In light of Plaintiff's *pro se* status, the Court has considered all papers submitted by Plaintiff in
arriving at its decision.

**Background Facts**

_____Plaintiff brings this action under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.* ("ADEA").  Plaintiff states in his Amended Complaint that this action has been "brought for discrimination in employment to correct unlawful employment practices, on the basis of age and retaliation for participating in discrimination proceedings as well as opposing age discrimination." [DE 9 at 1].  Plaintiff asserts that all conditions precedent to bringing this lawsuit have been satisfied, and Defendant does not dispute that the case is properly before this Court.

_____The Amended Complaint alleges that since at least 2007, Defendant engaged in unlawful employment practices. [DE 9 at ¶9].  Plaintiff filed his first age-related EEOC complaint in 2007. [*Id*. at ¶10].  Thereafter, in 2009, Plaintiff applied for a promotion, which he alleges he did not receive due to discrimination in the agency and retaliation against him for participating in protected activity. [*Id*. at ¶¶11-15].  Thereafter, Plaintiff filed another EEOC complaint. [*Id.* at ¶16].  In 2011, Plaintiff alleges that he was denied the opportunity to interview for a transfer position due to discrimination and retaliation for his protected activities. [*Id.* at ¶¶17-19]. Plaintiff alleges that the unlawful employment practices were intentional, [*Id.* at ¶20], and were done with malice or with reckless indifference to Plaintiff's federally protected rights. [*Id.* at ¶21].

**Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant  is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp.</u>, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  <u>Id.</u> at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Electronic Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  <u>Anderson</u>, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is

merely colorable, or is not significantly probative, then summary judgment may be granted."
Anderson, 477 U.S. 242, 249-50.

Pursuant to Fed. R. Civ. P. 56(d), if a nonmovant provides a reason why facts essential to justify an opposition to the motion cannot be presented, a court may defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order.

### Age Discrimination and Retaliation Claims

An age discrimination claim may be established through either direct or circumstantial evidence or statistical proof. *See, e.g., Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989). The framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is used to evaluate circumstantial evidence. *See, e.g., Kragor v. Takeda Pharmaceuticals America, Inc*. 702 F.3d 1304, 1308 (11th Cir. 2012).

Under the *McDonnell* framework, a plaintiff must establish a *prima facie* case of discrimination by demonstrating that:(1) he was a member of the protected group between the ages of forty and seventy; (2) he was subject to adverse employment action; (3) a substantially younger person filled the position that he sought; and (4) he was qualified to do the job for which he was rejected. *See, Kragor*, 702 F.3d at 1308.

Once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to rebut the presumption of discrimination with evidence of a legitimate, nondiscriminatory reason for the adverse employment action. *Id*. If the employer successfully does this, the plaintiff may then

4

show that the employer's reason is a pretext for discrimination.  *Id*.[2]

In order to establish a *prima facie* ADEA retaliation claim, a plaintiff must show that (1) he engaged in statutorily-protected activity, (2) he suffered a materially adverse action, and (3) some causal relationship existed between the two events.  *See, e.g., Bailey v. Huntsville*, 517 Fed. Appx. 857, 861 (11th Cir. 2013).

## Defendant's Motion for Summary Judgment

Defendant states that based upon discovery conducted in this case, it became apparent that Plaintiff's allegations fail to state a *prima facie* case of discrimination or retaliation. [DE 48 at 1].  Defendant notes the absence of direct proof and moves to the tests that apply to circumstantial discrimination cases.

Defendant acknowledges, as he must, that statistical evidence can be used to establish a *prima facie* case of discrimination. [DE 48 at 3, citing *Carter v. Miami*, 870 F.2d 578, 581 (11th Cir. 1989)].  In his Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, [DE 49], Defendant notes that in Plaintiff's January 2011 complaint to the EEOC, Plaintiff claimed that qualified individuals over age 55 are systematically denied promotions and assignments and all Sergeant and Deputy administrative assignments are awarded to persons under 55 years of age, even if the person over age 55 is better qualified and has more experience. [*Id*. at ¶6].  Defendant goes on to note that "Plaintiff could not name any individual at BSO that he believed had been denied job positions because they were over age 55." [*Id*. at ¶7].

Plaintiff objects to this last statement, asserting that he unsuccessfully sought discovery

---

[2]Nothing in this section alters the burdens in a summary judgment motion, rather, it simply sets forth the law applicable in this case.  It is within this framework that the Court must evaluate whether there exist questions of fact requiring a trial.

that would have enabled him to identify these individuals. [DE 63 at ¶7].

On December 28, 2012, Plaintiff filed a Motion to Compel seeking to have Defendant produce certain documents. [DE 20].  One of Plaintiff's requests sought "postings for all promotional opportunities and transfers within the Department of Detention from 2005 to present." *Id*.  Defendant objected to this request, arguing that it was "overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." [DE 22 at 8-9].  No supporting facts were given to establish the nature of the alleged burden. Defendant also argued that this request was not relevant. [*Id*. at 9].

The Magistrate Judge found the demand to be relevant, but overly broad, and ordered that Defendant only had to produce postings for all promotional and transfer opportunities for which Plaintiff was eligible from 2005 through 2010. [DE 23 at 5].  No appeal to this Court was taken by Plaintiff from the Magistrate Judge's ruling.

The Court feels that the restriction that was placed upon Plaintiff to discover only postings for all promotional and transfer opportunities for which Plaintiff was eligible from 2005 through 2010 limited his ability to access potential statistical evidence to support his contention that discrimination against individuals over the age of 55 was prevalent.[3]  If Plaintiff's allegations are supported by information contained in the documents he sought, they should not be rejected on a motion for summary judgment prior to Plaintiff being permitted to obtain this discovery.  Thus, the Court orders Defendant to produce the information previously requested by Plaintiff within thirty (30) days, absent an agreement between the parties or a Court approved

---

[3]Plaintiff's Amended Complaint alleges unlawful employment practices by Defendant generally and also seeks relief to Plaintiff, who, it is alleged, was adversely impacted by such practices. [DE 9 at 1].

extension.  Such discovery might impact the Court's *McDonnell Douglas* analysis.

Since the Court is requiring that Defendant provide additional discovery to Plaintiff, the Court will also give Defendant an opportunity to conduct discovery into the statements that Plaintiff has sworn James Wimberly made from 2007 until he was terminated in 2012. [DE 62 at 11].  The Court does not agree with Defendant's argument that Plaintiff's affidavit setting forth Colonel Wimberly's comments to him constituted an impermissible amendment of Plaintiff's complaint. [DE 59 at 3].  The Court views it as evidence in support of the allegations already contained within the Amended Complaint.

Defendant argues that Plaintiff failed to include any mention of these comments during his deposition or in his response to Defendant's interrogatories to him. [DE 59 at 4].  A review of the deposition transcript does not disclose a question to which this would have been responsive.  Plaintiff was not asked what evidence he had that Colonel Wimberly knew of his EEOC complaints, nor was he asked what evidence he had that the actions he alleges were taken against him were done with intent.  When Plaintiff testified, "Every complaint that I filed Wimberly would retaliate . . . .", [DE 50 at 67:19-20], there were no follow-up questions asking Plaintiff what he meant by this.

Regarding Plaintiff's answers to interrogatories, this information could have been disclosed in response to Interrogatory 5, which was a very general question. Given Plaintiff's *pro se* status, and that Defendant is being given permission to conduct discovery relative to the contents of Plaintiff's affidavit, there will be no prejudice to Defendant if he renews his motion for summary judgment.

Pursuant to its discretion under Fed. R. Civ. P. 56(d), the Court denies Defendant's Motion for Summary Judgment without prejudice to renew the motion after further discovery is conducted consistent with this opinion.

This Court ordered the parties to go to mediation to be completed sixty (60) days prior to the originally scheduled calendar call of January 24, 2014. [DE 15]. The Court record does not indicate that this mediation occurred, nor was any change to this order sought by the parties. The Court has confirmed with counsel for Defendant that the parties did not mediate the case. The parties are hereby ordered to mediation before Magistrate Judge Dave Lee Brannon.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1.      Defendant's Motion for Summary Judgment  **[DE 48]** is **DENIED WITHOUT PREJUDICE TO RENEW AFTER FURTHER DISCOVERY**.

2.      The Court's Order Setting Trial Date & Discovery Deadlines **[DE 15]** is **MODIFIED** as follows (to the extent not changed below, DE 15 shall remain in effect):

   A.      The **TRIAL** of this matter shall be on the two-week calendar commencing **Monday, August 18, 2014 at 10:00 a.m.**  Counsel for Defendant and the *pro se* Plaintiff shall appear at a **calendar call** commencing **Friday, August 15, 2014 at 10:00 a.m.**

   B.      **Discovery cutoff: March 28, 2014**

   C.      **Substantive Pretrial Motions: April 11, 2014**

   D.      **Mediation cutoff: April 4, 2014**

3.      This case is **REFERRED** to Magistrate Judge Dave Lee Brannon for mediation to

8

occur by **April 4, 2014**.  The parties are directed to contact Magistrate Judge

Brannon's chambers to arrange a date and time convenient to the Magistrate

Judge.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida this 10th day of January, 2014.

                                                KENNETH A. MARRA
                                              United States District Judge